**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4283**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICHOLAS RICHER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:18-cr-00311-MOC-DCK-7)

Submitted:  November 17, 2020                    Decided:  November 19, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. Jeremy Raymond Sanders, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Richer pled guilty, pursuant to a plea agreement, to conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. §§ 1349, 2326(2)(A), (B), conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and international money laundering, in violation of 18 U.S.C. §§ 2, 1956(a)(2)(A). The district court sentenced Richer below the advisory Sentencing Guidelines range to 51 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether trial counsel rendered ineffective assistance and whether the prosecutor engaged in misconduct by relying on evidence obtained from Richer's cellular phone at sentencing in contravention of the plea agreement. Richer was advised of his right to file a supplemental brief, but he has not done so. We affirm.

We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). "Because there is no conclusive evidence of ineffective assistance on the face of this record, we conclude that [Richer's] claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508. Further, our review of the record reveals no evidence of prosecutorial misconduct. *See, e.g.*, *United States v. Benson*, 957 F.3d 218, 234 (4th Cir. 2020) (noting that defendant must show "(1) the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected [the defendant] so as to deprive him of a fair [sentencing determination]" to prevail on claim of prosecutorial misconduct (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Richer, in writing, of the right to petition the Supreme Court of the United States for further review. If Richer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*